IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00198-WYD-MEH

GMT EXPLORATION COMPANY, LLC, a Delaware limited liability company,

     Plaintiff,

v.

KROBAR DRILLING, INC., a Wyoming limited liability company,

     Defendant.

---

## ORDER

---

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Docket #5], filed on January 29, 2007.  In its Motion, Defendant asks that this Court dismiss this case for lack of personal jurisdiction.  In the alternative, Defendant requests that this Court transfer this case to Wyoming pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, [and] in the interest of justice."  For the reasons below, I find that there exists personal jurisdiction over the Defendant in Colorado and that this case should not be dismissed.  Further, I order the parties to file supplemental briefing on the issue of whether or not this case should be transferred to Wyoming.

I.    <u>BACKGROUND</u>

Below is a recitation of the relevant facts as set forth in the Complaint and Affidavits attached as exhibits to Defendant's Response.  Plaintiff is a Delaware

corporation that maintains an office in Denver, Colorado.  Defendant is a Wyoming limited liability company that maintains its office in Riverton, Wyoming.  From approximately September 2005 through March 2006, the parties engaged in negotiations.  As a result of the negotiations, the parties entered into several contracts.  On or about May 24, 2006, the parties entered into the first written contract.  Pursuant to this contract, Defendant agreed to drill an oil and gas well in Wyoming for Plaintiff.  In addition, Plaintiff agreed to loan Defendant a sum of money under certain conditions.  On or about June 14, 2006, the parties entered into a second written contract.  Pursuant to this second contract, Defendant agreed to drill another oil and gas well for Plaintiff.  Initially, the June 14 Contract also contained a loan provision.  However, this provision was later voided and the terms, as amended, were set forth in a separate loan agreement.  The two Contracts and loan agreement were later revised and amended.  Ultimately, Plaintiff alleges that Defendant did not meet its obligations pursuant to these agreements.

During the course of the negotiations regarding the first written contract, the parties met in person in Wyoming.  However, much of the negotiations were conducted through telephone conversations and emails that were exchanged between Wyoming and Colorado.  Plaintiff signed the first written contract while in Colorado, Defendant signed the contract in Wyoming.  In early June 2006, Tom Koons, an agent of Defendant, met with Plaintiff in Colorado.  During this meeting, the parties discussed how things had gone with the drilling of the first well and also discussed the terms and conditions under which the Defendant would drill the second well.  Plaintiff signed the

second written contract while in Colorado and Defendant signed the contract in

Wyoming.  The negotiations regarding the loan agreement were primarily conducted by

telephone and emails, also sent between Wyoming and Colorado.  Similar to the case

of the two drilling contracts, the loan agreement was signed by Plaintiff in Wyoming and

Defendant in Colorado.

II.     ANALYSIS

    A.     Whether Plaintiff's Complaint Should be Dismissed pursuant to 12(b)(2)
              for Lack of Personal Jurisdiction

Defendant first argues that there are insufficient contacts between Defendant

and the state of Colorado for Defendant to be subjected to personal jurisdiction in this

Court.  Plaintiff responds by arguing that the contact between the parties by telephone,

mail, email, and fax, as well as a visit in Colorado between the parties in June of 2005,

are sufficient contacts to subject Defendant to the jurisdiction of this Court.

The plaintiff bears the burden to allege in the Complaint sufficient facts to

support a reasonable inference that *in personam* jurisdiction exists.  *See Texair Flyers,*

*Inc. v. District Court*, 506 P.2d 367, 369 (Colo. 1973).  However, to satisfy this burden,

Plaintiff need only make a *prima facie* case of personal jurisdiction to defeat a motion to

dismiss for lack of personal jurisdiction.  *See GCI 1985-1 Ltd. v. Murray Properties*

*Partnership*, 770 F.Supp. 585, 587 (D.Colo. 1991).  To this effect, "[t]he allegations in

the complaint must be taken as true to the extent they are uncontroverted by the

defendant's affidavits[,] [and] [i]f the parties present conflicting affidavits, all factual

disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is

sufficient notwithstanding the contrary presentation by the moving party." *Id.* at 587 (citations omitted).

In considering a motion to dismiss based on personal jurisdiction, I must engage in a two-step analysis. First, I must determine whether the exercise of jurisdiction is sanctioned by the Colorado long-arm statute, which is a question of state law. Second, I must determine whether the exercise of jurisdiction comports with the due process requirements of the United States Constitution. *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995). Because Colorado's long-arm statute has been construed by the Colorado Supreme Court as allowing personal jurisdiction to the full extent permitted under federal law, *see Safari Outfitters, Inc. v. Superior Court*, 448 P.2d 783, 784 (Colo.1968), "[our] analysis collapses into a single inquiry, whether the exercise of personal jurisdiction . . . comports with due process." *National Business Brokers, Ltd. v. Jim Williamson*, 115 F.Supp.2d 1250, 1253 (D.Colo. 2000). "'[D]ue process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Ruggieri v. General Well Serv., Inc.*, 535 F.Supp. 525, 530 (D.Colo. 1982)(citing *Milliken v. Meyer*, 311 U.S. 457,463 (1940)).

The "minimum contacts" standard may be met in two ways, through showing the existence of either specific jurisdiction or general jurisdiction. *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532 (10th Cir. 1996). I find that Defendant

has sufficient contacts with the state of Colorado to be subject to specific jurisdiction regarding the subject matter of this lawsuit.  Specific jurisdiction exists over a nonresident defendant "'if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities.'"  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090- 91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotation marks omitted)).  The specific jurisdiction inquiry is two-fold.  *Id.*  "First, we must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there."  *Id.* (quoting *World-Wide Volkswagon*, 444 U.S. at 297).  "Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, . . . and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'"  *Id.* (quotations omitted).  "Second if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'"  *Id.*

The exercise of jurisdiction over Defendant in the present case is related to business transactions Defendant conducted with Plaintiff, specifically the three separate agreements entered into by the parties.  "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State."  *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957).  However, the mere existence of a contract executed by a resident of the forum state is

insufficient to confer personal jurisdiction over a non-resident defendant.  *Id.*; *National Business Brokers*, 115 F. Supp. at 1254.

Defendant argues that the instant case is factually analogous to the case of *New Frontier Media, Inc. v. Freeman*, 85 P.3d 611 (2003).  In *New Frontier Media*, the court held that "when the *only* alleged basis for jurisdiction is a contract between a resident plaintiff and a nonresident defendant, the necessary minimum contacts are not present to confer personal jurisdiction over such a defendant."  *Id.* at 614.  Contrary to Defendant's position, the present situation is not one where the sole basis for personal jurisdiction is the existence of the contracts executed by a resident of the forum state.  Rather, Plaintiff has identified additional contacts that Defendant had with the forum state in negotiating and performing the subject agreements.

First, Defendant participated in negotiations with Plaintiff while Plaintiff was in Colorado.  "To constitute activity in the forum state, physical presence is not required; instead, contact by telephone or mail may be sufficient to furnish the necessary minimum contacts."  *New Frontier Media*, 85 P.3d at 614.  Defendant asserts that there were multiple telephone calls, emails, and faxes, sent between the parties in the negotiating of the terms of the three agreements.  Further, Defendant visited Plaintiff in Colorado during the negotiations of the second contract.  Plaintiff does not dispute that this visit occurred, but argues this was a mere "courtesy visit."  However, Defendant asserts that the performance of the first drilling contract, as well as the terms of the second drilling contract, were discussed during this meeting.  I find that this visit related to the subject matter of this lawsuit.  Finally, the parties entered into a third agreement

whereby Defendant borrowed money from Plaintiff.  In *Halliburton Co. v. Texana Oil Co.*, 471 F.Supp 1017, 1019 (D.Colo. 1979), the court held that when a defendant executes, outside of the forum state, a contract which obligates him to pay money to one inside the forum state, he may properly be sued on that obligation in the forum state.

After considering the totality of the circumstances, I find that Plaintiff has met its burden of pleading that Defendant had sufficient contacts with the state of Colorado in the negotiation and carrying out of the subject agreements for this Court to assert jurisdiction over Defendant in this case.

B.      Whether this Case Should be Transferred to Wyoming Pursuant to 28 U.S.C. 1404(a)

In the alternative, Defendant argues that this Court should transfer this case to Wyoming pursuant to 28 U.S.C. 1404(a).  In order to aid in my decision regarding whether or not, in the interests of justice, this case should be transferred, I am ordering the parties to submit supplemental briefing on this particular issue.

III.   CONCLUSION

For the aforementioned reasons, it is

ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Docket #5] is **DENIED** to the extent that it requests this matter be dismissed for lack of personal jurisdiction.  It is

FURTHER ORDERED that the parties shall file supplemental briefing on or before **Friday, July 13, 2007**, regarding whether or not this case should be transferred pursuant to 28 U.S.C. § 1404(a).

Dated:  June 29, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge